**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DASHAWN BROOMER,** | : | **CIVIL ACTION NO. 1:26-CV-1230** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN JESSICA SAGE,** | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Dashawn Broomer, seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to grant him a sentence reduction based on his completion of the BOP's Residential Drug Abuse Program ("RDAP"). The petition will be denied.

## I. Factual Background & Procedural History

Broomer is serving a 97-month sentence of imprisonment imposed by the United States District Court for the District of Delaware for conspiracy to possess methamphetamine and heroin with intent to deliver. (Doc. 9-2 at 2). His sentence arises from a 2015 sentence and a 2024 sentence, which are being served concurrently. See United States v. Broomer, No. 1:14-CR-32 (D. Del. sentence imposed June 16, 2015); United States v. Broomer, No. 1:22-CR-83 (D. Del. sentence imposed Feb. 21, 2024). The conduct giving rise to the second sentence occurred while Broomer was on supervised release for the first sentence, and the second sentence was therefore imposed as a concurrent sentence for both the conduct

underlying the second sentence and the violation of the supervised release. See United States v. Broomer, No. 1:22-CR-83, at ECF No. 47. He is currently housed in Allenwood Federal Correctional Institution ("FCI-Allenwood").

Broomer filed his petition for writ of habeas corpus on May 3, 2026, and it was received and docketed on May 7, 2026. (Doc. 1). Broomer asserts that he has completed the RDAP but that the BOP has refused to give him sentence credit for completing the program based on an erroneous determination that his conviction involved a firearm. (Id.) Broomer asserts that because his conviction does not involve a firearm, he should be eligible for RDAP credit. (Id.)

Respondent responded to the petition on June 13, 2025. (Doc. 9). Respondent argues that this court lacks jurisdiction because a claim seeking an RDAP sentence reduction is not a cognizable habeas corpus claim. (Id. at 3–6). Respondent further argues that even if the claim is cognizable, it fails on its merits because the BOP properly deemed Broomer ineligible for RDAP credits. (Id. at 7–9). Broomer filed a reply brief in support of his petition on August 24, 2026, making the petition ripe for review. (Doc. 9). Broomer has additionally filed a motion to expedite ruling on the petition. (Doc. 11).

## II. Discussion

The BOP's management of the RDAP is governed by 18 U.S.C. § 3621. When an inmate successfully completes the RDAP, his sentence "may be reduced by the Bureau of Prisons," for up to one year. Id. § 3621(e)(2)(B). Pursuant to its authority under the statute, the BOP has passed a regulation categorically excluding certain

classes of inmates from receiving sentence reductions when they complete the RDAP. See 28 C.F.R. § 550.55. Among other classes, inmates who have been convicted of a "[a]n offense that involved the carrying, possession, or use of a firearm" or "[a]n offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" are precluded from receiving an RDAP sentence reduction. Id. §§ 550.55(b)(5)(ii)–(iii).

The jurisdictional issue will be addressed as a threshold matter. Respondent argues the petition does not present a cognizable claim because decisions whether to place an inmate in the RDAP and whether to grant a sentence reduction for completion of the RDAP are left to the BOP's discretion. (Doc. 6 at 6–9).

The court finds that the jurisdictional argument is controlled by Lopez v. Davis, 531 U.S. 230 (2001). The court construes Broomer's petition not as challenging the BOP's discretionary decision whether to place him in RDAP or award an RDAP sentence reduction, but rather as challenging the limits of the BOP's discretion. Specifically, petitioner argues that the BOP does not have discretion to categorically deny RDAP sentence reductions to inmates. (Doc. 1). Lopez concerns an essentially identical challenge to the limits of the BOP's discretion. Lopez, 531 U.S. at 238 ("The question we address is whether the Bureau has discretion to delineate, as an additional category of ineligible inmates, those whose current offense is a felony involving a firearm."). Lopez does not specifically address whether a challenge to the BOP's RDAP discretion is a cognizable habeas claim, but the Court's analysis of the claim on the merits supports the conclusion

that such a claim is cognizable. This court accordingly concludes that it has jurisdiction.

Turning to the merits, The BOP in this case deemed Broomer ineligible for an RDAP sentence reduction because his conviction for conspiracy to possess methamphetamine and heroin with intent to deliver involved the possession of a firearm under Section 550.55(b)(5)(ii) and presented a serious potential risk of physical force against the person or property of another under Section 550.55(b)(5)(ii). (Doc. 9-2). Respondent argues that this was an appropriate use of the BOP's authority to preclude certain categories of inmates from receiving RDAP credit under Section 550.55 and Lopez. (Doc. 9 at 7–9). Broomer argues this court must apply the categorical approach as outlined in Descamps v. United States, 570 U.S. 254 (2013) and Mathis v. United States, 579 U.S. 500 (2016) to determine whether his conviction renders him ineligible for RDAP credit and that under that approach he is not ineligible because his conviction does not include possession of a firearm or a risk of physical force in its elements. (Doc. 10 at 2). Broomer states that "[s]everal circuits have already applied this controlling logic directly to RDAP disqualification," but the only case he cites to support his position is Peck v. Thomas, 697 F.3d 767 (9th Cir. 2012).

Under the categorical approach—or it's slightly more flexible offshoot, the modified categorical approach—the court's task is to look at the elements of a crime as defined in a statute rather than the defendant's actual conduct to determine whether the offense meets a specific definition. See generally Descamps v. United

States, 570 U.S. 254 (2013). Thus, if it were applied in this case, the categorical approach would call on this court to look solely at the elements of the crime for which Broomer was convicted to determine whether it "involved the carrying, possession, or use of a firearm" or "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another." 28 C.F.R. §§ 550.55(b)(5)(ii)–(iii). Whether the court must apply a categorical approach or a case-specific approach based on the defendant's actual conduct is based on the language of the statute (or in this case, the regulation) at issue. See generally, e.g., United States v. Davis, 588 U.S. 445, 454–62 (2019) (analyzing whether language of statute requires categorical approach or case-specific approach).

Here, the plain language of 28 C.F.R. § 550.55(b)(5)(ii) requires a case-specific approach rather than a categorical approach.[1] The regulation states that an inmate is ineligible for RDAP credit if he was convicted of "[a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)." 28 C.F.R. § 550.55(b)(5)(ii). Congress's use of the past-tense "involved" rather than the present tense "involves" indicates that it is referring to the inmate's actual, completed conduct rather than the static elements of the offense. See CHICAGO MANUAL OF STYLE, 18th ed., *Past Indicative Tense*, § 5.134 (2024) (noting that the "past indicative" verb tense

---

[1] Because the court finds that this case may be decided based on the clear language of Section 28 C.F.R. § 550.55(b)(5)(ii), the court does not address whether 8 C.F.R. § 550.55(b)(5)(iii) requires a categorical approach or a case-specific approach.

"denotes an act, state, or condition that occurred or existed at some explicit or implicit point in the past" and "is formed by adding *-ed*" to a regular verb's base form); id. *Present Tense*, § 5.133 (noting that present tense "denotes acts, conditions, or states that occur in the present"). The language of the preceding subsection of the statute also indicates that Congress intended to incorporate the categorical approach into some sections of the statute but did not do so in Section 550.55(b)(5)(ii). See 28 C.F.R. 555.55(b)(5)(i) (noting that an inmate is ineligible for RDAP credit if he has been convicted of "[a]n offense that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another"). Accordingly, the court concludes that it must look to Broomer's actual conduct—rather than the objective elements of his conviction—to determine whether the BOP properly deemed him ineligible for RDAP credit pursuant to Section 555.55(b)(5)(ii).

There is evidence from Broomer's criminal case from which the BOP could reasonably find that he had a loaded handgun in his possession when he was arrested. See Broomer, No. 14:CR-32, at ECF No. 104 at 2. Thus, the BOP did not abuse its discretion in finding that his offense "involved the carrying, possession, or use of a firearm" and that he is therefore barred from RDAP credit under 28 C.F.R. § 550.55(b)(5)(ii). The habeas petition will be denied on that basis.

## III. Conclusion

The petition for writ of habeas corpus is denied. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: October 1, 2026